UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCOS A. MALEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-189 |
| | § | |
| STATE OF TEXAS, NUECES COUNTY, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# FIRST AMENDED
# MEMORANDUM AND RECOMMENDATION
# TO DISMISS ACTION

On August 26, 2013, the undersigned United States Magistrate Judge entered a Memorandum and Recommendation to dismiss this action on the grounds that Plaintiff had failed to provide additional information about his claims although directed to do so, and in addition, based on the information contained in Plaintiff's Original Complaint (D.E. 1) and his response to the order to provide more detail (D.E. 8), Plaintiff had failed to allege facts that, even taken as true, raised cognizable constitutional violations. (D.E. 10). In response to the recommendation, on September 3, 2013, Plaintiff filed a pleading entitled "Correction" (D.E. 11) that was docketed also as a Notice of Appeal.[1] (D.E. 12).

It has come to the undersigned's attention that, on July 11, 2013, Plaintiff filed in Case No. 13-mc-347, a more detailed statement of his claims that was not previously

---

[1] Plaintiff's "Correction" (D.E. 11) and "Notice of Appeal" (D.E. 12) are identical.

1 / 16

considered.[2] Accordingly, the undersigned vacates the August 26, 2013 Memorandum and Recommendation. (D.E. 10). In addition, the undersigned enters this Memorandum and Recommendation that considers and addresses the additional details presented in Case No. 13-mc-347 at D.E. 10, as well as Plaintiff's pleading entitled "Correction." (D.E. 11). Upon consideration of this additional information, the undersigned respectfully recommends that, although Plaintiff is indigent such that his application to proceed i.f.p. should be granted, because he fails to state cognizable claims, it is respectfully recommended that Plaintiff's claims against Governor Perry, the Nueces County District Attorney, and Officer Timmons be dismissed with prejudice for failure to state a claim and/or as frivolous, and this action dismissed pursuant to 28 U.S.C. § 1915(e)(2).

I. **Jurisdiction.**

The Court has federal question jurisdiction. *See* 28 U.S.C. § 1331.

II. **Procedural background and Plaintiff's allegations.**

Plaintiff Marcus Aaron Maley is a citizen of the State of Michigan, and is currently residing in Garnett, Anderson County, Kansas.

On June 17, 2013, Plaintiff filed his original complaint (D.E. 1), as well as a motion to proceed i.f.p. (D.E. 3), and an affidavit of financial status. (D.E. 2). In his original complaint, Plaintiff alleged that his federal constitutional rights were violated when, on an unidentified date, he was stopped and questioned by a police officer, and then taken into custody. (D.E. 1 at 3). He claimed that he was "illegally searched, illegally charged, and

---

[2] Eventually, plaintiff's more detailed summary was filed under this case number at D.E. 16 and his second i.f.p. application was filed at D.E. 17.

illegally detained." *Id.* He named as defendants (1) Rick Perry, the Governor of Texas; (2) the Nueces County District Attorney; and (3) Officer Timmons. *Id.* at 2.

Plaintiff did not provide the date of the arrest or any details concerning the facts or circumstances forming the basis of his lawsuit. He did relate that the charges against him were dismissed, and that he was released from custody. *Id.* at 5. For relief, Plaintiff is seeking three million dollars in damages. *Id.* at 4.

On July 11, 2013, Plaintiff filed a second application to proceed i.f.p. Plaintiff did not include the assigned case number on this pleading, and per docketing policy, the i.f.p. application was opened as a miscellaneous case and assigned Case No. 2:13-mc-347. In addition, attached to the second motion to proceed i.f.p., Plaintiff attached a second "original complaint," again complaining about his arrest in Corpus Christi. (*See* Case No. 2:13-mc-347, D.E. 1-1 at 1-2). Again, Plaintiff did not provide the months or dates of the incident; however, he provided additional detail relating that, on some date in 2013, he was riding his bicycle "en route to [a] camping location," when instead, he stopped at a motel to check the price and availability. *Id*. at 2. Plaintiff's back was to the street, and he became aware of headlights behind him. *Id.* He turned around and saw a police vehicle. *Id.* The police officer turned on the vehicle's flashing lights. *Id.* The officer then drew his gun and ordered Plaintiff to approach the car. *Id.* Plaintiff did as ordered, and the officer asked for Plaintiff's identification. *Id.* Plaintiff objected stating that he did not need to produce identification unless he was a suspect, but he did tell the officer his name. *Id.*

The officer ran Plaintiff's name and found no outstanding warrants, but stated that a local resident had called in a complaint. *Id.* The officer handcuffed Plaintiff's arms behind

his back and placed him in the patrol car. *Id.* The officer drove Plaintiff to the jail, but then made him wait in the car for almost an hour while the officer finished his written report. *Id.* Once in the jail, Plaintiff asked the officer to contact the FBI on the grounds that Plaintiff had previously been abducted and "someone put devices in my body." *Id.* The officer refused to contact the FBI, Secret Service, or the President of the United States as requested by Plaintiff. *Id.* Plaintiff's property was searched, a zip gun was discovered, and Plaintiff was arrested with a charge of possession of a weapon. *Id.* Plaintiff sat in jail for approximately 51 hours, and was then brought before a judge. *Id.* Plaintiff told the judge that the initial stop, arrest, and detainment were illegal. *Id.* The charges against Plaintiff were dismissed on June 19, 2013. *Id.*

By order entered July 15, 2013 in this action, Plaintiff was instructed to submit additional information concerning his claims for purposes of evaluating his application for leave to proceed *in forma pauperis* and as well as his § 1983 allegations. (D.E. 6). In particular, Plaintiff was ordered to submit a sworn statement of the facts of his case, including, *inter alia*, the date(s) of the incidents forming the basis of his lawsuit; the location of the events; a brief explanation of the events complained of; a description of the conduct of each defendant and in what manner that conduct violated Plaintiff's constitutional rights; and, any injuries suffered by Plaintiff. *Id.* at 3-4. Plaintiff was specifically advised that failure to respond to the order for additional information could result in dismissal of the action. *Id.* at 4.

On August 5, 2013, Plaintiff filed a response to the Court's order for additional information alleging that defendants had violated his Fourth through Ninth Amendment rights. (D.E. 8). In addition, Plaintiff offered the following three lines:

> Probable cause, illegal stop, illegal arrest, illegal search, illegal detain
> Bond hearing, over alotted [sic] period of time of 48 hrs.
> Araighn [sic] hearing, over alotted [sic] period of time

On September 3, 2013, Plaintiff filed the pleading entitled "Correction." (D.E. 11). In this one-page document, Plaintiff states that this action is not a prisoner complaint complaining about the conditions of confinement, but instead, is an action against state law enforcement officials for "…Malicious prosecution and an illegal arrest, illegal detain, illegal search and defamation …". (D.E. 11 at 1). He relates further that he requested information from Nueces County concerning the incidents that form the basis of his lawsuit, but that the state refused his request for "official documentation." *Id.*

## III. DISCUSSION

### A. Plaintiff's motion to proceed i.f.p.

In his i.f.p. motion (D.E. 3), Plaintiff states only that this case is about "police misconduct, gross negligence." (D.E. 3 at 1). In his accompanying affidavit of financial status (D.E. 2), Plaintiff states that he is 38 years old, divorced, and has five dependent children, ages 16, 15, 12, 11, and 10. (D.E. 2 at 1-2). He states that he provides each dependent monthly support of $640.00. *Id.* at 2. He relates that he is not currently employed, but is disabled. *Id.* He previously worked as a contractor earning $15,000 a month. *Id.* at 3.

In his second i.f.p. application filed in Case No. 2:13-mc-347, Plaintiff states that he receives disability or worker's compensation payments in the amount of $344.70 a month. (Case No. 2:13-mc-347, D.E. 1 at 1). He states that he has no monies in any checking or savings account, owns no property or assets, and he owes $700.00 a month in child support. *Id.* at 2. He claims to owe approximately $100,000.00 in hospital bills in Michigan, Kansas, Missouri, Texas, and Illinois.

Plaintiff's financial information demonstrates that he is indigent and cannot pay the civil filing fee; thus, his application to proceed i.f.p. should be granted. However, before ordering that Plaintiff's complaint be filed without prepayment of costs, his complaint must be evaluated for frivolousness pursuant to 28 U.S.C. § 1915(e)(2).

### B. Section 1915(e)(2) frivolousness review.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B). To state a claim upon which relief may be granted, a Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 555-56 (2007). A claim has facial plausibility when the Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the Plaintiff, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint filed i.f.p. may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

In this action, Plaintiff is purporting to sue State law and government officials for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983. To state a cognizable claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show also that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). Here, Plaintiff is suing the arresting officer who, it is assumed based on Plaintiff's listing of defendants, is Officer Timmons. (D.E. 1 at 2). In addition, he is suing the Nueces County District Attorney and Texas Governor Rick Perry. *Id.*

**(1)    Governor Perry.**

Plaintiff has sued Governor Rick Perry for monetary damages. However, a suit against Governor Perry in his official capacity is, in actuality, a suit against the State of Texas itself, and is barred by the Eleventh Amendment. *See e.g., Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Farias v. Bexar County Bd. of Trustees for MHMR Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991). Section 1983 does not waive the state's sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 338 n. 7 (1979), and Texas has not consented to this suit. *See Emory v. Texas State Bd. of Med. Exam'rs*,

748 F.2d 1023, 1025 (5th Cir. 1984). Thus, Plaintiff's claims for monetary damages against Rick Perry in his official capacity are appropriately dismissed as barred.

To the extent Plaintiff is attempting to sue Rick Perry in his individual capacity, Plaintiff has failed to offer any facts to suggest that Rick Perry was personally involved in the deprivation of a federally protected constitutional right. To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). In addition, it is well established that a § 1983 plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. *Beattie v. Madison County School Dist.,* 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins*, 828 F.2d at 304. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that

causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

In his original complaint, Plaintiff states that he is suing Governor Perry because he is "[r]esponsible for state employees, etc." (D.E. 1 at 2). That is, he is attempting to hold Governor Perry liable by virtue of his supervisory role as governor, and § 1983 expressly negates liability on these grounds. Moreover, though given the opportunity to better explain his claims, Plaintiff failed to respond adequately to the specific questions regarding on what basis he claims Mr. Perry violated his constitutional rights. Thus, it is respectfully recommended that Plaintiff's claims against this defendant be dismissed with prejudice for failure to state a claim and/or as frivolous.

**(2)    Nueces County District Attorney.**

Plaintiff has also sued the Nueces County District Attorney who ostensibly filed, but then dismissed, criminal charges against him. However, Plaintiff's claims against this defendant cannot be sustained because state prosecutors in state criminal proceedings enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the State's case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). The Supreme Court has also noted:

> [A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings, or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial....

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial

process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318, n.9; *see also Brummett v. Camble,* 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965 (1992); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

Plaintiff has failed to provide any details regarding his claim against the Nueces County District Attorney. At most, it appears that Plaintiff is suing this defendant for bringing charges against him that were later dismissed. There is no suggestion that the county attorney was interacting with Plaintiff in any capacity but as prosecutor, and as such, this defendant is entitled to immunity from suit. Thus, it is respectfully recommended that Plaintiff's claims against the Nueces County District Attorney be dismissed with prejudice for failure to state a claim and/or as frivolous.

### (3) Officer Timmons.

Plaintiff identified Officer Timmons as the Corpus Christi police officer who conducted the allegedly illegal stop and arrest. He claims that, while riding his bike "en route to [a] camping location," he instead decided to stop at a motel and check availability and rates. (Case No. 2:13-mc-347, D.E. 1-1 at 2). Plaintiff noticed Officer Timmons when he observed the police car's headlights, and he claims that Officer Timmons ordered him over to the car and demanded identification. Plaintiff admits that he refused to provide his

identification, but did offer his name. Officer Timmons advised Plaintiff that a resident down the street had called in a complaint, and Officer Timmons elected to take Plaintiff into custody.

"Qualified immunity shields government officials performing discretionary functions from civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Bazan v. Hidalgo County*, 246 F.3d 481, 488 (5th Cir. 2001). To determine if an individual is entitled to qualified immunity, the court applies a two-step analysis. First, the court must ask whether, considered in the light most favorable to Plaintiff, the plaintiff has alleged facts that, if proven, would establish that the official violated the plaintiff's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the defendant's conduct did not violate the plaintiff's constitutional rights under the first prong, then he is entitled to qualified immunity. *Blackwell v. Laque*, 2008 WL 1848119 at *2 (5th Cir. Apr. 24, 2008). The second prong requires the court to consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of conduct in question. *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. *Id.*

Plaintiff claims that his arrest was illegal. However, whether an arrest is illegal "hinges on the absence of probable cause." *Sorrenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). Thus, to state a cognizable constitutional violation, Plaintiff must show that the

defendant lacked probable cause when he arrested him. "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006).

In this case, despite the fact Plaintiff was instructed to provide a detailed statement about his claims, he failed to do so. Instead, he submitted three lines of incomplete sentences, making general and conclusory allegations that his arrest was without probable cause, with no specific facts. (*See* D.E. 8). Moreover, in his slightly more detailed account filed in Case No. 2:13-mc-347, Plaintiff offers conflicting statements that he was "en route to [a] camping ground," on his bike, but then stopped at a motel. *Id.* D.E. 1-1 at 2. He admits that Officer Timmons advised him that a local resident had called in a complaint, and then Plaintiff refused to produce identification, but did offer his name. *Id.* Upon running Plaintiff's name through the system, Officer Timmons would have knowledge that Plaintiff had twice been incarcerated in the Kansas Department of Corrections. Further, Plaintiff admits that, while in front of the police cruiser, expecting that there would be a video camera, Plaintiff told Officer Timmons that he needed to call the "president of the U.S., and the U.S. Secret [Service] Washington D.C.," but Officer Timmons failed to do so. Finally, after arriving at the Jail, Plaintiff declared that the FBI needed to be called because he "had been abducted and someone put devices in my body…" *Id.* In addition, Plaintiff does not deny that he was in possession of a "manipulated weapon" and charged with that offense. *Id.* That is, given the few and limited details offered by Plaintiff, it can be adduced that, at the time of Plaintiff's arrest: a local resident had called the police with a complaint; Officer

Timmons was dispatched to the scene; Plaintiff refused to produce identification; Plaintiff has a criminal record; Plaintiff was behaving strangely with paranoid tendencies; and he in fact had some sort of weapon on his person that was not registered. Considering these facts in the light most favorable to Plaintiff, and again noting Plaintiff's failure to provide additional details to support his allegations though specifically given the opportunity to do so, it cannot be said that Officer Timmons did not have probable cause to question and arrest Plaintiff, such that Plaintiff fails to state a cognizable constitutional violation against this defendant. Indeed, in failing to provide adequate details in his original complaint and by failing to respond to the order for additional information, Plaintiff has failed to offer any facts to suggest that Officer Timmons was even the arresting officer; he simply names him as a defendant, but does not refer to him by name in his summary of complaint. Plaintiff's claim that Officer Timmons violated his constitutional rights is conclusory and unsupported, and it is respectfully recommended that Plaintiff's claims against Officer Timmons be dismissed with prejudice as frivolous and/or for failure to state a claim.

**(4)    State law-claims.**

Plaintiff has also raised state-law claims of "police misconduct, gross negligence." To the extent that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state-law claims, those claims should be dismissed if the District Court dismisses all claims over which it has original jurisdiction.

Title 28, United States Code, Section 1367(a) provides:

> [i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in

> the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Section 1367(c)(3) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (3) the district court has dismissed all claims over which it has original jurisdiction …

The decision to exercise or decline supplemental jurisdiction is within the discretion of the district court. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989) *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir.2003) (en banc). Under *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving supplemental state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* Therefore, it is respectfully recommended that these claims be dismissed without prejudice.

## IV. **RECOMMENDATION**

In his original complaint, Plaintiff failed to state cognizable constitutional claims against the named defendants herein, and when given the opportunity to do so, Plaintiff failed to respond adequately to the request for additional information. Moreover, the "summary" of his claims filed in Case No. 2:13-mc-347 does not provide any relevant information to support valid § 1983 claims, but to the contrary, establishes that Officer Timmons had probable cause to arrest Plaintiff, that his actions were objectively reasonable, and that he would be entitled to qualified immunity. His alleged claims against Governor Perry and the Nueces County District Attorney are frivolous on their face. As such, Plaintiff has failed to state cognizable §1983 claims against a named defendant, and it is respectfully recommended that his claims be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and that all pending motions be denied as moot. To the extent Plaintiff has attempted to raise state law claims, it is respectfully recommended that those claims be dismissed without prejudice.

Respectfully submitted this 4th day of November, 2013.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).