UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCOS A. MALEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-189 |
| | § | |
| STATE OF TEXAS, NUECES COUNTY, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Complaint.  D.E. 1; Case No. 13-mc-347, D.E. 1-1.  On November 4, 2013, United States Magistrate Judge Jason B. Libby submitted a First Amended Memorandum and Recommendation recommending that Plaintiff's action be dismissed.  D.E. 18.  Plaintiff timely filed his objections on November 14, 2013.  D.E. 19.  Plaintiff's objections are set out and discussed below.

First, Plaintiff clarifies that Governor Perry and Officer Timmons are not named defendants in this case, rather, they are witnesses.  D.E. 19, p. 1 ("Gove[r]nor [Perry] is only [a] witness for State precidence [sic]" and "Officer Timmons was the initiator, however witness only in this matter.").  Since Plaintiff's objections with regard to Governor Perry and Officer Timmons do not raise viable legal issues, this Court need not analyze those objections further.  However, given that Plaintiff is proceeding pro se in this matter, the Court will address the relevant portions of the Memorandum and Recommendation in case Plaintiff intended to retain his claims against Governor Perry and Officer Timmons.

The Magistrate Judge correctly concluded that Eleventh Amendment immunity precluded Plaintiff from maintaining a suit for money damages against Governor Perry in his official capacity.  *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("The Eleventh Amendment bars claims against a state brought pursuant to § 1983.").  Further, the Magistrate Judge correctly found that Plaintiff could not state a claim against Governor Perry in his individual capacity because "[p]ersonal involvement is an essential element in a civil rights cause of action," and Plaintiff failed to argue that Governor Perry was personally involved in any of the wrongs he alleges.  *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983).

Finally, with regard to Officer Timmons, the Magistrate Judge properly concluded that the officer's conduct was protected by qualified immunity.  "Qualified immunity shields government officials performing discretionary functions from civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Brazen v. Hidalgo County*, 246 F.3d 481, 488 (5th Cir. 2001).  Here, because Plaintiff's claim that Officer Timmons violated his rights is "conclusory and unsupported" (D.E. 18, p. 13), he has not established that Officer Timmons's conduct violated "clearly established statutory or constitutional rights" in any manner sufficient to overcome the defense of qualified immunity.  Finding no basis for a claim against Governor Perry or Officer Timmons, this Court **ADOPTS** the findings of fact and conclusions of law expressed in the Memorandum and Recommendation with regard to any claims Plaintiff may have alleged against them.  To

the extent that Plaintiff does reallege any claims against Governor Perry and Officer Timmons, the objections are **OVERRULED**.

Second, Plaintiff reasserts his claim against the prosecuting attorney that filed and later dismissed charges against him. Plaintiff alleges that as "chief law enforcement in that area," the prosecuting attorney "made a negligent decision and action/omission in his proffessional [sic] office." D.E. 19, p. 1. The Magistrate Judge appropriately addressed this matter, observing that "state prosecutors in state criminal proceedings enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the State's case." D.E. 18, p. 9 (citing *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993)); *accord Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). In his objections, Plaintiff verifies that he is bringing his claims against the prosecuting attorney in his or her official capacity. D.E. 19, p. 1. Because "acts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity,"[1] Plaintiff cannot sustain a claim against the prosecuting attorney for filing charges against him. Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff argues that he is "well within my rights as a citizen of the [U]nited [S]tates, to claim loss monetarily for negligence, and according to state statutes, and [U.S.] statutes." D.E. 19, p. 1. To the extent Plaintiff is objecting to the Magistrate Judge's recommendation to dismiss his state law claims, that challenge fails. The Magistrate Judge correctly observed that "[t]he decision to exercise or decline to exercise

---

[1] *Buckley*, 509 U.S. at 273.

supplemental jurisdiction is within the discretion of the district court." D.E. 18, p. 14 (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)). "When the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As discussed above, Plaintiff has failed to state a claim for any constitutional violation. Given the absence of federal law claims, this Court declines to exercise jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects on the ground that he requested official documents from state and city officials but such documents were not ordered or produced. Given that this Court finds that Plaintiff has failed to state a constitutional claim and that exercise of supplementary jurisdiction over Plaintiff's state law claims would be inappropriate, Plaintiff's discovery request is moot. Accordingly, Plaintiff's fourth objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's federal law claims are

**DISMISSED** with prejudice, and Plaintiff's state law claims are **DISMISSED** without prejudice.

ORDERED this 29th day of January, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE